831 F.2d 296
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sister Rose MICHAEL, S.L., Plaintiff-Appellant,
v.
Elizabeth WEISS, Personal Representative of the Estate of
Lawrence F. Weiss, Deceased, Defendant-Appellee.
 No. 86-1782.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1987.
 
 Before MARTIN, JONES, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this Michigan diversity jurisdiction case, Sister Rose Michael appeals the decision of the district court preventing her attorney and his wife from testifying at trial. She also challenges the court's finding for the defendant in her slander action as not supported by the evidence.
 
 
 2
 The relevant facts in this case may be briefly summarized. This slander action arises from a lawsuit brought by Sister Rose Michael's counsel, Theodore G. Albert, to recover attorney fees from the estate of Dennis O'Leary. Sister Rose Michael testified on behalf of Mr. Albert, supporting his claim that he had been retained for legal services by the estate. After the jury returned a verdict in favor of Albert, and as the parties were leaving the courtroom, Lawrence Weiss, attorney for the estate, allegedly accused Sister Rose of committing perjury.
 
 
 3
 Prior to the commencement of Sister Rose's trial, the district court ruled that her attorney Theodore Albert and his wife could not testify as publication witnesses because they had not been earlier identified as publication witnesses in three sets of interrogatories and the pre-trial order. At the conclusion of the bench trial, the court ruled in favor of Weiss on the grounds that Sister Rose had failed to show by a preponderance of the evidence that Weiss had made a false and defamatory statement to a third person concerning Sister Rose. The court ruled in the alternative that even if such a statement had been made, Sister Rose had failed to present sufficient evidence of malice to overcome Lawrence Weiss' qualified immunity as attorney for the estate of O'Leary. Michael argues that the court should have allowed Mr. & Mrs. Albert to testify and that it made clearly erroneous findings. We disagree.
 
 
 4
 We agree with the defendant that the district court's holding is not clearly erroneous given that none of the named publication witnesses testified or signed affidavits supporting the claims of Sister Rose. Under Michigan law, there must be evidence of a publication for Sister Rose to prevail. Postill v. Booth Newspapers, 116 Mich.App. 608 (1982).
 
 
 5
 The court did not abuse its discretion in denying Albert and his wife the opportunity to testify on the issue of publication on behalf of Sister Rose. There are other sufficient grounds for denying the use of these witnesses to preclude a finding that the district court abused its discretion. As a general matter, the time after a final pre-trial order is far too late for the addition of witnesses who could have been disclosed much earlier. To attempt to add witnesses less than two weeks before trial may be prejudicial and could, in some circumstances, constitute bad faith. There were numerous prior instances where the use of Mr. or Mrs. Albert as publication witnesses could and should have been disclosed. That the district court did not allow their last minute addition does not constitute an abuse of discretion.
 
 
 6
 The judgment of the district court is affirmed.